[No. 3,914.]

## A. H. WILBUR, E. A. HARRIS AND W. H. WILLIAMS v. LYNDE & HOUGH.

NOTE OF CORPORATION.—A promissory note made by a corporation, payable to its acting trustees, is void.

CONTRACTS AGAINST PUBLIC POLICY.—The law does not permit one who acts in a fiduciary capacity to deal with himself in his individual capacity, and express contracts thus made, are contrary to public policy.

The "Peoples' Steam Navigation Company" was established in 1858, with a capital stock of one hundred thousand dollars, divided into shares of two hundred and fifty dollars each. In May, 1868, the defendants became the owners of eight shares of the capital stock of the corporation. In September, 1869, the corporation made its promissory note for $3,000, by which it promised to pay to the order of the plaintiffs, said sum. The note was signed "A. H. Wilbur, President Peoples' Steam Navigation Co. J. W. Goad, Secretary P. S. N. Co." The note was delivered to the plaintiffs.

On the 25th of September, 1869, another note of like tenor and effect for $700, was made and delivered. The corporation having failed to pay the notes, this action was brought to recover from the defendants such proportion of the debt as their stock bore to the whole amount of stock taken. This proportion was $370 24. The Court below rendered judgment for the plaintiffs, and the defendants appealed.

The other facts are stated in the opinion.

*A. L. Hart*, for the Appellants.

First. All contracts, made by an agent or trustee with his principal or *cestui que trust*, are presumed to be fraudulent, and will not be enforced at the instance of the agent or trustee until the contrary is shown by proper allegations and proofs, even in cases where the principal and agent both participated in the making of the agreement.

Secondly. Said notes are against public policy and void, and could not be enforced even if the presumption of fraud were overcome.

On the first point Mr. Hart cited Story's Equity Jur., Sec. 311; Id. on Agency, Sec. 212; *Comstock* v. *Comstock,* 57 Barb. 453.

On the second point he cited *Aberdeen Railroad Company* v. *Blaikie,* 1 McQueen's Rep. 461; *Pickett* v. *School District,* 25 Wisconsin, 551; Story on Agency, secs. 9, 10, 210, 211; *Bunker* v. *Miles,* 30 Maine, 431; *Walker* v. *Palmer,* 24 Ala. 358; *Andrews* v. *Pratt,* 44 Cal. 309.


*W. F. Goad* and *J. T. Harrington,* for the Respondents.

The point that the notes are void as against public policy, is untenable, and the cases cited by appellants as authority do not maintain their position. In *Pickett* v. *School District, etc.* (25 Wis. 511), the Court, after considering the distinction between contracts which are held to be against public policy, merely on account of the personal relations of the contractor to the other parties, and those which are void because the thing contracted for is itself against public policy, say, "the thing contracted for being in itself lawful and beneficial, it would seem unjust to allow the party who may be entitled to avoid it, to accept and retain the benefit without any compensation at all.    *    *    *    The contract is rather voidable in equity at the option of the principal, than is absolutely void at law. So that, in a case like this, the defense would be, under the present practice, an equitable one."

The appellants might have had a defense in equity, and had they interposed an equitable defense to the action in the Court below; had they offered to restore to plaintiffs what was justly theirs, and sought to avoid the contracts by thus doing equity, then there would be some plausibility and reason for their position here. But they failed to make such defense, and it will not be permitted them to question the validity of the contracts in the way attempted. A contract cannot be said to be utterly void, unless it is of no effect whatsoever, and is incapable of ratification. (*Boyd* v. *Blankman;* 29 Cal. 35.)

By the Court, RHODES, J. :

It is alleged in the complaint that the Peoples' Steam Navigation Company executed to the plaintiffs two promissory notes; that they remain due and unpaid; that the defendants became stockholders of said corporation — or "members of the said corporation," as the complaint states —and that the defendants are liable to pay the plaintiffs a specified sum of money as their proportion of the indebtedness of the corporation. The defendants' demurrer having been overruled, they answered, setting up the fact that at the time when the notes were made the plaintiffs were "the duly elected, qualified and acting trustees of said Peoples' Steam Navigation Company." The cause was submitted upon the pleadings, and judgment was rendered for the plaintiffs.

The case comes fully within the doctrine of *San Diego* v. *San Diego and Los Angeles Railroad Company* (44 Cal. 112), that the law will not permit one who acts in a fiduciary capacity to deal with himself in his individual capacity; and that express contracts thus made are contrary to public policy and void. The rule is not only sustainable on principle, but is supported by abundant authority.

Judgment reversed and cause remanded.

McKINSTRY, J., concurring:

I concur in the judgment. The plaintiffs could not by executing promissory notes as trustees of the corporation to themselves as individuals, create evidence which would *prima facie* establish an indebtedness against the coporation, and against each stockholder.

Mr. Justice NILES did not express an opinion.