[No. 3323.    Decided July 18, 1899.]

THE STATE OF WASHINGTON *on the Relation of H. K. Bickford et al.,* v. E. D. BENSON, *as Judge of the Superior Court of the State of Washington.*

REVIEW ON APPEAL—DISCRETIONARY MATTERS.

The discretion exercised by the lower court in granting an extension of time in which to file and serve a statement of facts will not be reviewed on the appeal of the party in whose favor it was made.

APPEAL—FILING STATEMENT OF FACTS—EXTENSION OF TIME—WHAT JUDGES MAY GRANT.

Where an appellant desires an extension of time in which to file a proposed statement of facts in an appeal from a judgment

rendered by a visiting judge, he is not restricted to an application to the visiting judge for such extension, but is entitled to have his application passed upon by the judge of the court of the place of trial, under Bal. Code, § 5062, which provides that the time may be extended "by an order of the court or judge wherein or before whom the cause is pending or was tried."

SAME—TIME TO WHICH EXTENSION GRANTED—CONSTRUCTION OF ORDER.

An order extending the time in which to file and serve a statement of facts "to the 28th day of January," must be construed as including that date, for purposes of filing and serving the statement.

NOTICE OF MOTION — POSTPONEMENT OF HEARING — FURTHER NOTICE UNNECESSARY.

Where notice of a motion is given for a certain date and the court is unable to take the matter up at the time fixed, further notice of the hearing is unnecessary, if the moving party is diligent in pressing his motion at the first opportunity offered thereafter.

*Original Application for Mandamus.*

*Trumbull & Trumbull,* for relators.

*Benton Embree,* for respondent.

The opinion of the court was delivered by

FULLERTON, J.—The relators were defendants in an action tried in the superior court of the county of Clallam, at which Hon. E. D. Benson, one of the judges for the superior court of the county of King, presided. Judgment was entered for the plaintiff in the action on the 29th day of November, 1898. On the 14th day of January, 1899, the relators, desiring to appeal from the judgment, served upon plaintiffs' attorney a motion for an extension of time in which to file and serve a statement of facts in the cause, and therewith a notice to plaintiff that they would call up said motion for hearing on the 18th day of January, 1899, in the city of Port Angeles, before the Hon. James G. McClinton, who is the regularly elected judge for Clallam county. In answer to the motion, the

plaintiff filed a brief, in which he appeared specially, and objected to the granting of the extension asked, for the reason that said cause was not tried before Judge Mc-Clinton, and he had, therefore, no power or authority to hear the motion. At the time appointed, Judge McClinton was not present or holding court at the place named in the motion, and, so far as the record discloses, did not open court at that place until the 21st day of January, at which time he granted the motion of the relators, and extended the time for filing a statement of facts to the 28th day of January, 1899; reciting in his order that the relators appeared by Messrs. Trumbull & Trumbull, their attorneys, and that the plaintiff had filed his objection and submitted a written brief. On the 27th day of January, 1899, the relators filed their proposed statement of facts, and on the 28th day of January, served the same on the plaintiff's attorney. Thereafter, on the 2d day of February, 1899, the plaintiff filed in the superior court certain proposed amendments to the statement of facts, serving the same on the relators' attorney on the 6th day of February, 1899. As a preliminary to his proposed amendments, the plaintiff again objected to the settlement of the statement of facts, on the grounds that the statement was not filed in time; that the order made by Judge Mc-Clinton was void; that the proposed statement of facts of defendant was not served upon plaintiff's attorney until the time for filing the same, granting that the order of extension was properly made, had expired,—and submited his proposed amendments without waiving any of the foregoing objections. On the 26th day of May, 1899, after notice to plaintiff, the relators applied to Judge Benson to settle and certify the statement of facts. The plaintiff appeared and renewed his objection to the court's so doing, which Judge Benson sustained, holding the order made by Judge McClinton void, and that the proposed statement

was not filed in time to give the court jurisdiction to settle the same. The relators apply here for a writ of mandate compelling Judge Benson to settle and certify the statement of facts.

The answer to the application presents two questions: Was the order of Judge McClinton valid? And, if valid, was the service of the proposed statement of facts in time?

The learned counsel who represents the defendant here contends that a proper construction of the statute as a whole shows that an order granting an extension of time in which to file and serve a statement of facts can only be made by the judge who tried the cause. He argues that in granting an extension the court or judge exercises a discretion which may be reviewed on appeal; and inasmuch as the statute (§ 5057, Bal. Code) provides that only one bill of exceptions can be certified after final judgment, and which must be certified by the judge before whom was tried the main issue, there is no way of getting the order up for review unless it is made by that judge; and, also, that the language of the particular section empowering the court or judge to grant an extension supports the contention that only the judge who tried the cause can make the order. The first part of the objection seems to us more fanciful than real. If it be true that the opposing party has the right to review the discretion exercised by the court in granting an extension of time in which to file and serve a statement of facts, it must be because it is an "order made after judgment which affects a substantial right." If it is such an order, then the party aggrieved by it must appeal from it in order to have it reviewed; in which case we know of no reason why he might not have the judge who granted the order certify to such a statement as would enable him to properly present the error assigned. It is needless to say that this court will not review the discretion exercised by the lower court in granting an exten-

sion of time in which to file and serve a statement of facts on the appeal of the party in whose favor the order is made. As to the remainder of the objection, the language of the statute is (§ 5062, Bal. Code) that the time may be extended "by an order of the court or judge wherein or before whom the cause is pending or was tried;"—a useless diffuseness of words, if it be meant to convey the idea that only the judge before whom the cause was tried could grant the order. It is next urged that the order was made without notice to the adverse party, and is, for this reason, void absolutely. While not so stated directly, this objection is apparently based upon the ground that the order was not made upon the day for which the motion was noticed. But it is not a general rule, as applied to court practice, that a proceeding which can be heard only upon notice will abate because not heard upon the day named in the notice. Where causes intervene which the moving party cannot control—such as a subsequent proclamation, by proper authority, making the appointed day a legal holiday, or the failure of the court to sit on that day, or the inability of the court to hear the application—the matter continues, as of course, until it can be legally heard. The opposing party is bound equally with the moving party to take notice of such conditions, and no hardship can be imposed upon him by requiring him to appear on the day when it can be heard. And such, we think, is the usual understanding and practice in the superior courts. It is not here intended to assert that a noticed motion may continue indefinitely, and be called up at the convenience of the moving party; but, so long as the moving party prosecutes his motion diligently, by presenting it when the first opportunity offers, it will not be held to have abated. In the present case, so far as the record discloses, the relators moved as soon as the opportunity presented itself. The

case of *McQuesten v. Morrill,* 12 Wash. 335 (41 Pac. 56), presents an entirely different state of facts, and is not in point here.

The order of Judge McClinton granted the relators "to the 28th day of January, 1899," in which to file and serve a statement of facts. The statement was filed on the 27th of January and served on the 28th of that month, and the service, the defendant urges, came too late to comply with the order. Whether the words "to," "till" or "until" will be held to be words of inclusion or exclusion is usually determined by the context of the statute or instrument in which they are used, and will be held to include or exclude the day named, as the evident intention requires. In an order of this kind, we think the word includes the date. For example, had the court, on the 21st, granted the moving party "to the 22d" to serve the statement (and similar cases are not of infrequent occurrence), no one would have seriously doubted that a service on the 22d would have been in time to have complied with the order. Aside from this, the objection is highly technical; too much so, in fact, upon which to deny so substantial a right as the right to an appeal.

The writ will be granted.

GORDON, C. J., and DUNBAR, ANDERS and REAVIS, JJ., concur.