[No. 3389.    Decided May 4, 1901.]

CHARLES S. WALLACE, *Respondent,* v. OCEANIC PACKING COMPANY *et al., Appellants.*

APPEAL — BOND — OBJECTIONS TO SURETIES — NEW BOND — TIME OF FILING.

Where objection is made to the sufficiency of the sureties upon an appeal bond, and a day is set for their examination, but they fail to appear and justify on said day, the appellant is warranted, under Bal. Code, § 6510, in filing within five days thereafter a new bond with new sureties.

SAME — EXTENSION OF TIME FOR FILING OF STATEMENT — BY WHOM GRANTABLE.

Under Bal. Code, § 5062, which provides that the time for filing a statement of facts may be extended "by an order of the court or judge wherein or before whom the cause is pending or was tried," where there are several judges presiding over the superior court of a county, any one of such judges may enter an order extending the time for filing a statement of facts, although the cause was tried before another judge of that court.

PRINCIPAL AND AGENT — RESCISSION OF CONTRACT — AUTHORITY — INTEREST OF AGENT.

Where a corporation has not authorized the rescission of a contract entered into by its president in its behalf, such president has no authority to rescind, even though the contract may have been made by him under a general authority to enter into such contracts without submitting the same to the board of directors; and especially is this so where his own private interest would be advanced by the rescission at the expense of his principal.

Appeal from Superior Court, King County.—Hon. E. D. Benson, Judge. Reversed.

*Metcalfe & Jurey* and *Lewis, Hardin & Albertson,* for appellants.

*Burleigh & Piles* and *L. Frank Brown,* for respondent.

Per Curiam.—The substance of the controversy in this cause is as follows: In the month of March, 1898, respondent Wallace and appellant Robertson, together with one Schumacher and one Ray, entered into negotiations having in view the chartering of a sailing vessel for the Alaskan trade. As a result of these negotiations, each of said persons contributed in cash the sum of $550, making $2,200 in all, to be used as a fund for said purpose. Thereafter, towit, on the 26th day of March, 1898, a charter party was executed between the appellant, Oceanic Packing Company, a corporation, of the first part, and respondent Wallace, for himself and as trustee for the three other individuals above named, of the second part, whereby the said Oceanic Packing Company, as the owner of the American brigantine Blakeley, let and chartered said vessel for a period of two months to said second parties at a rental of $1,100 per month, or $2,200 for the whole of said period. The whole sum of $2,200 was paid to said company at the time of the signing and delivery of the charter party. The vessel was then at sea on a voyage to Alaskan ports, and it was stated in the charter party that she was due to arrive at Seattle on or about April 5, 1898; and it was agreed that immediately upon her arrival, or as soon thereafter as necessary repairs or alterations could be made, she should be delivered to second parties under their said charter. It was further agreed that in the event said vessel did not reach Seattle on or before April 5, 1898, then second parties should take her

as soon after said date as she should arrive. The vessel did not reach Seattle until the 29th day of April, 1898, and immediately thereafter she was placed upon the ways for the purpose of receiving what her owner deemed to be proper and necessary repairs. Soon after the completion of the repairs, towit, on the 9th day of June, 1898, the said Oceanic Packing Company notified each of said charterers that the vessel was ready for sea, and that the period covered by said charter was begun on that day. The said Robertson, one of the charterers, was also the president of the Oceanic Packing Company, and as such president he executed the said charter party in behalf of said company, while the respondent, as trustee aforesaid, executed it upon the other part as trustee for said Robertson individually and also for all the charterers. It is claimed by respondent that some time after the execution of the charter party, the said Robertson, acting for and in behalf of said Oceanic Packing Company, released the charterers from their obligations under their said contract, and that it was mutually agreed between the parties that the same should be abandoned and rescinded. The alleged rescission of the charter party is denied by appellants. On the 23d day of June, 1898, said Schumacher assigned to respondent his interest in the $550 paid by him as aforesaid, and soon thereafter respondent instituted this action to recover the $550 originally paid by himself and also the $550 paid by Schumacher, the claim for which had been assigned to respondent as aforesaid. The action was brought against the Oceanic Packing Company and said Robertson jointly, and judgment was demanded against both defendants in the sum of $1,100. A trial was had before a jury, and a verdict returned in favor of respondent and against appellants in the sum of $1,100. Appel-

10—25 WASH.

lants moved for a new trial. Their motion was denied, and they thereupon appealed to this court.

Respondent moves to dismiss the appeal upon several grounds: First. "Because the notice of appeal was not filed within the time limited by law." The judgment was signed by the court on the 24th day of April, 1899, and was filed April 25, 1899. The record shows that the notice of appeal was both served and filed on the same day the judgment was signed by the court. This was certainly within the time limited by law. Second. "The appeal bond was not filed within the time limited by law." An appeal bond was filed the same day the judgment was signed by the court, to-wit, April 24th. On the following day respondent served notice that he excepted to the sufficiency of the sureties, and demanded that the sureties appear before the court on the 1st day of May for the purpose of justifying. The sureties did not appear to justify, but within five days after the 1st day of May, to-wit, on the 5th day of May, appellants filed a new bond. This perfected the appeal, under the terms of § 6510, Bal. Code. See, also, *Spurlock, v. Port Townsend Southern R. R. Co.,* 12 Wash. 34 (40 Pac. 420). No exception was taken to the last bond filed. Third. "That said appeal bond is not in form or substance such as to render the appeal effectual, for that the appeal has not been diligently prosecuted." We see no merit in this suggestion. The bond seems to conform to the statute in form, and in amount it is sufficient, as far as appears upon the face of the judgment. Fourth. "Because the time for filing the statement of facts was extended by a judge who did not preside at the trial of the cause and the same was extended without any authority under the law." We think the order extending the time was authorized by the terms of §§ 4669, 5062, Bal. Code. Section 5062 provides that

such extension may be made "by an order of the court or judge wherein or before whom the cause is pending or was tried." It seems to us clear that the statute contemplates that either the court wherein the cause is pending or the judge before whom the cause was tried may extend the time. *State ex rel. Bickford v. Benson,* 21 Wash. 365 (58 Pac. 217). One of the judges presiding over the superior court of King county entered the order extending the time, but he was not the judge who tried the cause. The statement of facts itself is, however, duly certified by the judge who tried the cause. The motion to dismiss the appeal is in all particulars denied.

The vital question involved upon the merits of this case is, Was there an abandonment or rescission of the charter party contract? That was the only fact submitted to the jury by the court's instructions. At the close of respondent's testimony the appellants moved the court for a nonsuit upon the grounds "(1) that no mutual abandonment of this contract has been proven; and (2) that they have not shown that the Oceanic Packing Company was a party to the transaction." The motion was denied by the court and appellants' exception duly noted. Upon the subject of a contemplated abandonment it is not claimed that any conversations were had with any one in any way identified with the Oceanic Packing Company, except with the appellant Robertson, who was the president of the company. Robertson, as has already been stated, was also one of the four charterers who entered into the charter-party contract with said company. The negotiations leading up to that contract were first had with Robertson as the president of the company, and it is contended by respondent that, if Robertson had authority to enter into the contract in behalf of the company, he also possessed sufficient authority to agree to an abandonment of it. The

written contract shows that the corporation itself "has caused these presents to be executed by its president and general manager, and has affixed its corporate seal hereto." In the absence of other showing it must therefore be presumed that the contract had been theretofore authorized by the board of trustees of the corporation, and that Robertson was only following the instructions of the company when he executed the written contract. But even if it were true that Robertson was clothed with general authority to enter into such contracts without submitting the same to the board of directors, it does not follow that he would have authority to abandon a contract once made, which abandonment would involve the repayment of $2,200 already received by the company. The contract as made must be presumed to have been advantageous to the company, and one the fruits of which the company gladly received. Robertson would have been a beneficiary under an abandonment of the contract, inasmuch as he would have received back the $550 paid by himself. To say, therefore, that, because he may have first agreed upon a contract the terms of which were advantageous to his company, he has also authority to rescind the same, to the disadvantage of his company and to his own personal advantage, we think is not founded in good reasoning and is not supported by just principles. There is conflict in the testimony as to just what did occur, looking to an abandonment. Robertson claims that all he said was that, if the company could sell the vessel at a price satisfactory to it, the charterers could then be released from the contract. But, assuming that respondent's version of what occurred is true, we fail to find any evidence in the record showing that Robertson had any authority from his company to enter into an agreement to abandon the contract and for the return of the money

by the company. Particularly because of the fact that Robertson himself would have become a beneficiary thereunder to the extent of $550, such an agreement cannot be upheld, unless it is shown that it was expressly authorized by the board of trustees, with full knowledge of all the facts. Fidelity in the agent is what is expected, and as a means of securing it the law will not permit the agent to place himself in a situation in which he may be tempted by his own private interest to disregard that of his principal. *Flint & Pere Marquette Ry. Co. v. Dewey,* 14 Mich. 477; *Wardell v. Railroad Co.,* 103 U. S. 651; *Victor Gold & Silver Mining Co. v. National Bank,* 15 Utah, 391 (49 Pac. 826); *Gallery v. National Exchange Bank,* 41 Mich. 169 (2 N. W. 193, 32 Am. Rep. 149); *Wilbur v. Lynde,* 49 Cal. 290 (19 Am. Rep. 645).

Since it does not appear that Robertson was authorized by the corporation to enter into any agreement for abandonment and rescission, we think the court erred in denying the motion for non-suit. The motion for a new trial also raised the same question, under the head of "insufficiency of the evidence to justify the verdict."

The judgment is reversed and the cause remanded, with instructions to the lower court to enter judgment of non-suit on appellants' motion.