CRUZ, DEMANDANTE Y APELANTE, *v.* SUCESIÓN JIMÉNEZ, DEMANDADA Y APELADA, Y DELGADO ET AL., INTERVENTORES Y APELANTES.

APELACIÓN procedente de la Corte de Distrito de Humacao en pleito sobre nulidad de arrendamiento.

No. 2325.—Resuelto en julio 3, 1922.

EXPOSICIÓN DEL CASO—JURISDICCIÓN—PRÓRROGA DEL TÉRMINO PARA RADICAR LA EXPOSICIÓN DEL CASO.—Un juez que renunció su cargo no tiene facultad para, actuando por virtud del artículo 140 del Código de Enjuiciamiento Civil, conceder prórroga para radicar una exposición del caso después de transcurrido el término legal.

ID.—DISCRECIÓN DEL TRIBUNAL SUPREMO.—Si el Tribunal Supremo tuviera discreción para permitir la radicación fuera de tiempo de una exposición del caso a un apelante que originalmente se había acogido al procedimiento que marca la Ley No. 27 de 1917, tal discreción no debería ejercitarla cuando en la preparación de dicha exposición del caso no se han cumplido la ley o las reglas del Tribunal Supremo.

Los hechos están expresados en la opinión.

Abogado de la apelante: *Sr. José de Guzmán Benítez.*

Abogado de la apelada: *Sr. F. González.*

Abogado de los interventores-apelantes: *Sr. A. Dones.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

La apelante presentó una moción de reconsideración de la resolución eliminando la transcripción de la evidencia y la concedimos porque al alegar encarecidamente la apelante un caso meritorio y la facultad y discreción que tiene esta corte, no quisimos negar la revisión de la evidencia sin ulterior argumentación. En la vista quedamos convencidos de

que no tenemos facultades para permitir que la prueba aportada al juicio sea incorporada o adicionada a los autos; que no tenemos discreción sobre el particular, y que si tuviéramos tal discreción no debe ser ejercitada.

Los hechos o la mayor parte de los mismos han sido revisados por esta corte en una opinión emitida por el Juez Presidente Sr. Hernández de fecha diciembre 23, 1921 (página 57).

Los apelantes, deseando incorporar su evidencia en los autos eligen el procedimiento que autoriza la Ley No. 27 de 1917 y la No. 81 de 1919, por el cual las notas taquigráficas con la aprobación y certificación del juez que celebra el juicio pueden ser certificadas a esta corte. Que éste era el método seguido originalmente lo admiten los apelantes sin reservas. En verdad parece que ellos fundan su principal petición de indulgencia en la ausencia del taquígrafo lo que les obligó a variar su procedimiento teniendo que recurrir a la preparación de una exposición del caso o pliego de excepciones. Insisten los apelantes en que el dar forma a las notas taquigráficas es meramente un medio alternativo o sustituto de cumplir con las prescripciones del artículo 299 del Código de Enjuiciamiento Civil como quedó enmendado. Tenemos bajo consideración una impugnación a la constitucionalidad de las leyes de 1917 y 1919, *supra*, precisamente por el fundamento de que siendo una enmienda al artículo 299, no se hacía referencia a las propuestas enmiendas en el título de las leyes, ni la ley como fué enmendada se le incluyó en dichas leyes como lo prescribe la sección 34 de la Ley Orgánica. En dicho caso pendiente y debido a nuestra experiencia en discutir la constitucionalidad de otra ley en el caso de *Toro y Lippitt* v. *La Corte de Distrito de San Juan,* de mayo 22, 1922 (pág. 542), hemos llegado a la conclusión de que el único medio en relación con esto en que puede mantenerse la constitucionalidad de la ley, es considerando el procedimiento indicado por las leyes de 1917 y 1919 como una adición independiente

al artículo 299 del Código de Enjuiciamiento Civil y no como
una enmienda al mismo.

Hemos resuelto varias veces, *Mercado et al.* v. *Ferreiro*,
26 D. P. R. 492; *Vieira y Cía.* v. *Reyes*, 28 D. P. R. 80; *San-
ders Philippi & Co., Sucrs., S. en C.* v. *Rivera*, 28 D. P. R.
959, y *Martínez* v. *Martínez*, 29 D. P. R. 553, que un apelante
que en vez de adoptar el procedimiento más árduo de ex-
poner la prueba en forma narrativa o lo substancial de las
notas de las pruebas tomadas por el taquígrafo elige el mé-
todo más fácil de las leyes de 1917 y 1919, debe atenerse a
su elección. Debe vencer o ser vencido por virtud de su elec-
ción. Por razón de una serie de accidentes desgraciados los
apelantes no pudieron presentar las notas taquigráficas a la
corte para su aprobación. Las notas nunca fueron presen-
tadas para su aprobación por virtud de las leyes de 1917 y
1919, y al elegir los apelantes este procedimiento para incor-
porar su evidencia no han terminado las gestiones por ellos
iniciadas. Esta corte estuvo, por tanto, enteramente justifi-
cada al eliminar el llamado pliego de excepciones o exposi-
ción del caso radicado subsiguientemente.

A los pocos días de registrar su apelación y estando aún
dentro del término para presentar un pliego de excepciones,
los apelantes, eligiendo expresamente proceder de acuerdo
con las leyes de 1917 y 1919, pero considerando el procedi-
miento como un medio alternativo de preparar un pliego de
excepciones presentaron una moción a la Corte de Distrito
de Humacao solicitando prórroga del término para radicar
una exposición del caso. La corte concedió la prórroga. Des-
pués se concedieron otras prórrogas. Finalmente la corte de
distrito entró en vacaciones y los apelantes solicitaron pró-
rrogas en esta corte. Los apelantes no nos pidieron pró-
rroga para presentar su exposición del caso en la corte de
distrito, sino simplemente tiempo para radicar su "exposi-
ción del caso y pliego de excepciones" en esta corte. Se con-
cedieron prórrogas como fueron solicitadas. Posteriormente

fueron anuladas estas prórrogas por estar fuera de las atribuciones de la corte y los apelantes entonces no hicieron ulterior gestión en esta corte. De modo que no habiendo obtenido prórrogas en la Corte de Distrito de Humacao, el término para la radicación de la "exposición" o "pliego" allí venció y los apelados legalmente tenían derecho a que fuera eliminado el "pliego" o "exposición" finalmente presentado en esta corte.

En estas condiciones los apelantes invocaron el artículo 140 del Código de Enjuiciamiento Civil. Los apelantes no nos han convencido de que en relación con esto la opinión emitida por el Juez Presidente Sr. Hernández era errónea. En una decisión o decisiones anteriores en que la opinión de la corte estuvo dividida habíamos declarado que esta corte o la corte inferior carecían de facultades para proceder de acuerdo con el artículo 140, *supra.* En el caso de *Belaval v. Córdova Dávila et al.,* 21 D. P. R. 537, manifestamos tener duda. No queremos ahora que estamos tan ocupados discutir ampliamente la cuestión de la facultad de esta corte o de la corte inferior. Al resolverse los apelantes a invocar el artículo 140 el juez que juzgó el caso había renunciado. Sin embargo, los apelantes en vez de pedir prórroga para radicar, a la misma Corte de Distrito de Humacao como estaba entonces constituída, hicieron su solicitud al juez que había renunciado. El la concedió. Si bien es su deber aprobar un pliego o exposición un juez que ha renunciado no tiene facultades para actuar por virtud del artículo 140 del Código de Enjuiciamiento Civil. Es la corte misma la que entonces debe actuar.

Suponiendo que de algún modo esta corte tenía facultades o discreción para permitir la radicación de un pliego o exposición, no nos sentiríamos movidos a ejercitarlas puesto que el pliego o exposición presentado no cumple con la ley o las reglas de esta corte. En vez de ser un pliego o exposición el documento presentado es en su forma una repro-

ducción de las notas taquigráficas.    No se ha tratado de exponer la prueba en forma narrativa como lo exige la regla de esta corte No. 40–A.    El artículo 214 del Código de Enjuiciamiento Civil prescribe que sólo se expondrá la parte substancial de las notas.    Aquí no sólo se ha dejado de cumplir con estas reglas sino que una parte muy grande del propuesto pliego se compone de argumentos entre los abogados durante la vista de la prueba.

El abogado de los apelados insiste en que hubo poca prueba testifical a la cual había de dársele forma, pues la mayor parte de la prueba fué documental; que casi toda esta prueba pudo haber sido referida de memoria por la corte y los abogados y el examen que hemos hecho de los autos tiende a confirmar estas aseveraciones.    Estamos convencidos de que por lo menos pudo haberse tratado de dar forma a la exposición del caso sin la necesidad de las notas taquigráficas y los apelantes no hubieran necesitado tantas prórrogas. *Interest reipublicae ut sit finis litium.*

La exposición o pliego deben ser eliminados de los autos.

> *Ordenado que se elimine del record la transcripción de la evidencia y declarado sin lugar la desestimación de los recursos de apelación.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Aldrey, Hutchison y Franco Soto.