Rodríguez, Demandante y Apelante, v. Porto Rico Railway, Light and Power Company, Demandada y Apelada.

Apelación procedente de la Corte de Distrito de San Juan, Sección Primera, en pleito sobre daños y perjuicios. Moción sobre eliminación de la transcripción de la evidencia.

No. 2477.—Resuelto en julio 11, 1922.

Constitucionalidad de la Ley 27 de 1917—Título de las Leyes.—Para que cumpla con las prescripciones del párrafo 9 del artículo 34 de la Ley Orgánica no es preciso que el título de una ley describa minuciosamente el objeto de la misma; basta si lo expresa de un modo general. Así lo expresa la Ley 27 de 1917, por lo cual no debe concluirse que tal ley es inconstitucional.

Id.—Id.—Enmiendas a las Leyes.—La Ley 27 de 1917 no enmienda el artículo 299 del Código de Enjuiciamiento Civil, sino que es una mera adición del mismo, por lo que no puede concluirse que es anticonstitucional por violación del párrafo 10 del artículo 34 del Acta Orgánica, cuya objeción tampoco puede hacerse a la Ley 81 de 1919 en tanto en cuanto enmienda las leyes a que se refiere.

Id.—Id.—No puede concluirse que la Ley 27 de 1917 es inconstitucional bajo el fundamento de que contiene más de una materia.

Apelación—Transcripción del Record—Copias del Transcript.—La ley no dispone que deberá entregarse al apelado una copia de la transcripción aprobada sino meramente que las notas taquigráficas como han sido presentadas en la corte inferior deben ser suministradas al apelado.

Los hechos están expresados en la opinión.

Abogados del apelante: Sres. Texidor & de la Haba.

Abogados de la apelada: Sres. P. Amado Rivera, M. Acosta Velarde y J. H. Brown.

El Juez Asociado Sr. Wolf, emitió la opinión del tribunal.

Esta fué una moción para eliminar una transcripción de las notas taquigráficas. El primer fundamento de la moción era que cuando la corte aprobó la transcripción había expirado el término para su radicación. El apelante ha presentado desde entonces una certificación la cual tiende a mostrar que una prórroga concedida por la corte inferior no fué incluída en los autos con lo cual la radicación se hubiera hecho dentro del término y la apelada en su alegato presentado luego no insiste sobre este punto. La apelada, sin embargo,

sí insiste en que la Ley No. 27 de 1917, y la Ley No. 81 de 1919, son nulas e inválidas por violar las prescripciones de los párrafos 9 y 10 del Artículo 34 de la Ley Orgánica.

El párrafo 9 prescribe que "No se aprobará ningún proyecto de ley, con excepción de los de presupuesto general, que contenga más de un asunto, el cual deberá ser claramente expresado en su título; pero si algún asunto que no esté expresado en el título fuere incluído en cualquier ley, esa ley será nula solamente en aquella parte de ella que no haya sido expresada en el título." El párrafo décimo expresa que "Ninguna ley será restablecida o enmendada, ni se dará mayor alcance a sus disposiciones, ni se conferirán las facultades en ella contenidas, haciendo referencia a su título solamente, sino que toda la parte de ella que sea restablecida, enmendada, extendida o conferida será decretada nuevamente y publicada en su totalidad."

El título de la Ley No. 27 es el siguiente: "Proveyendo para la sustitución, a opción de parte, del pliego de excepciones y exposición del caso, por una transcripción de la evidencia preparada por el taquígrafo, presentada al secretario, y aprobada por el juez con citación de las partes, y para otros fines." Examinando el contenido de la ley, encontramos que el título es suficiente. El indica, o es "un poste indicador", como expresa una de las decisiones, de lo que contiene la ley. No es necesario que el título sea una descripción minuciosa, sino solamente que exprese de un modo general cuál es el objeto de la ley.

El título de la Ley No. 81 de 1919, es el siguiente:

"Ley para enmendar la sección 3 de la Ley No. 27 de noviembre de 1917, titulada 'Ley proveyendo para la sustitución a opción de parte, del pliego de excepciones y exposición del caso para una transcripción de la evidencia preparada por el taquígrafo presentada al secretario y aprobada por el juez con citación de las partes y para otros fines,' y el artículo 299 del Código de Enjuiciamiento Civil."

Este título asimismo describe claramente el propósito. El

objeto de la ley es enmendar artículos de ley que se supone están en vigor, y el cuerpo principal de la ley no tiene por fin comprender ninguna otra cosa que no sean dichos artículos enmendados. No encontramos en los casos citados por la apelada ninguna decisión que indique que alguna ley sea anticonstitucional o nula por razón de un título semejante. Las decisiones tienden más bien a declarar que cuando se incorporan en la ley cosas que el título no sugiere, entonces la ley es nula. *Galpin* v. *Chicago*, L. R. A. 1917 B, página 182, donde se cita a *Lyons* v. *Police Pension Board*, 99 N. E. 337, y nuestro examen de ese caso es que la ley fué declarada nula debido a su contenido más bien que por razón de su título.

También insiste la apelada en que estas dos leyes en cuestión son nulas por enmendar prescripciones existentes del Código de Enjuiciamiento Civil sin hacer referencia ya en el título de la ley, o en su cuerpo principal, de que son tales enmiendas.

Nuestro examen de la Ley No. 27 nos convence de que era un medio nuevo e independiente de incorporar la evidencia y de que la misma no enmendaba ninguna prescripción de ley existente según ha sido interpretada la palabra "enmienda". Los mismos casos citados por la apelada muestran que indirectamente pueden enmendarse algunas cosas mediante prescripciones enteramente nuevas. De todos modos, en tanto consideramos la Ley No. 27 de 1917, en ella no hay nada que no pueda existir independientemente del Código de Enjuiciamiento Civil o que destruya o cambie algo en el Código de Enjuiciamiento Civil excepto el derecho mismo a incorporar evidencia por medio de notas taquigráficas. El propósito de la ley, como hemos indicado, es claro en su título y nadie podría estar sorprendido ya por su título, o cuerpo principal de la ley de no saber cuáles son sus derechos.

La Ley No. 81 de 1919, en tanto enmienda únicamente las leyes allí referidas, es asimismo correcta. Las enmiendas están enteramente incorporadas en la ley. El objeto del párrafo décimo del artículo 34 de la Ley Orgánica es evitar enmiendas por referencia al título de una ley anterior, pero prescribe que las nuevas disposiciones "serán decretadas nuevamente y publicadas en su totalidad."

La apelada sin embargo, también sostiene que cada una de las leyes es nula por contener más de una materia. Creemos que la Ley No. 27 está exenta de esta objeción, pero la corte no ha llegado a una conclusión en cuanto a la Ley No. 81. Debe tenerse en cuenta que estamos sosteniendo la Ley No. 27 por el fundamento de ser un substituto independiente y no una enmienda al Código de Enjuiciamiento Civil. Lo que sostenemos es que es una mera adición a la misma. La Ley No. 81, sin embargo, no sólo pretende enmendar la Ley No. 27, sino también enmendar el artículo 299 del Código de Enjuiciamiento Civil. Tal vez podría ser sostenida la Ley No. 81 por el fundamento de ser meramente una enmienda de un cuerpo legal ya vigente.

No solo enmienda la Ley No. 81 el artículo 299, sino que en el artículo 299, como ha sido enmendado, el artículo 302 del Cógido de Enjuiciamiento Civil es a la vez modificado o enmendado. Si bien hasta ahora era el deber del secretario certificar a esta corte como completo el legajo de la sentencia, ahora una parte de ese deber recae en otra persona que al parecer es el juez quien debe certificar sobre la corrección de la transcripción.

La apelada, sostiene que la transcripción de la evidencia siempre debe hacérsele formar parte del legajo de la sentencia de la corte inferior.

Toda la materia no ha sido discutida muy ampliamente y estamos dispuestos a oir ulterior argumentación sobre el particular y por tanto pospondremos la decisión definitiva hasta la vista del caso en su fondo.

Si el apelante llegase a convencerse de que la transcripción de la evidencia ha sido indebidamente elevada a esta corte y no es demasiado tarde, estaríamos dispuestos a considerar una moción por virtud de la cual él podría retirarla y archivarla en la corte inferior para que forme parte del legajo de la sentencia. Después de retirada así la transcripción también consideraríamos como parte de la moción, el permiso para adicionar los autos certificando esta parte del legajo de la sentencia.

También insistió la apelada en que las varias leyes eran defectuosas toda vez que pretendían cambiar la compensación del taquígrafo, pero esto sólo afectaría a la disposición de la ley relativa al pago de honorarios a los taquígrafos y no al derecho del apelante a dejar archivada la transcripción en esta corte. También se quejó la apelada de que no se le dió copia de esta transcripción. La ley no exige que deberá darse al apelado una copia de la transcripción aprobada, sino meramente que las notas taquigráficas como han sido presentadas en la corte inferior antes de su aprobación deben ser suministradas al apelado. Esto no colocaría al apelado en una posición distinta a la que tenía en cuanto a un pliego de excepciones o exposición del caso. No es fundamento de eliminación. La moción para eliminar se deniega por ahora, sin perjuicio del derecho de la apelada de poder promover la misma cuestión en la vista final del caso.

> *Pospuesta la resolución de la moción de la demandada hasta que el caso sea visto en su fondo.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Aldrey y Hutchison.

El Juez Asociado Sr. Franco Soto no intervino en la vista de este caso