Elvira Juana Manuela Joaquina García Fernández, demandante y apelada, *v.* Josefa Aguayo y Graciela García, demandadas y apelantes.

No. 3898.—*Visto*: Mayo 17, 1926. *Resuelto*: Julio 29, 1926.

Apelación y Error—Record y Procedimientos que no están en Record—Contenido, Preparación y Aprobación de la Exposición del Caso o Relación de Hechos—Término para Prepararlos y Presentarlos—Prórrogas—Autoridad para Concederlas.—Inhibido un juez regular de distrito, y visto el caso en el cual aquél se inhibió por el juez de otro distrito nombrado juez especial para conocer del mismo, dicho juez especial tiene autoridad para conceder las prórrogas necesarias, para preparar y presentar la exposición del caso a los efectos de una apelación.

Moción sobre desestimación de apelación presentada por la apelada. *Sin lugar.*

*José Tous Soto,* abogado de las apelantes; *E. Ramos Antonini,* abogado de la apelada.

El Juez Asociado Señor Franco Soto, emitió la opinión del tribunal.

La cuestión fundamental envuelta en la moción de la apelada solicitando la desestimación del recurso, es si un

juez especial que conoce de una causa tiene o nó autoridad para conceder prórrogas para preparar y presentar el pliego de excepciones o la exposición del caso.

Por inhibición del juez regular de la Corte de Distrito de Ponce, Rafael Díaz Cintrón, el presente caso se vió ante Gabriel Castejón, juez a la sazón del distrito judicial de Guayama, nombrado juez especial para conocer del mismo. Las apelantes solicitaron en tiempo y le fueron concedidas por dicho juez dos prórrogas de 30 días cada una para preparar la exposición del caso. En su moción la apelada alega que estas prórrogas fueron nulas y que habiendo transcurrido más de 30 días desde que se presentó el escrito de apelación, sin haberse radicado una exposición del caso, procede la desestimación.

La contención de la apelada se basa en que el artículo 299 del Código de Enjuiciamiento Civil, tal como fué enmendado por la Ley No. 81 de junio 26, 1919, página 675, sólo permite la concesión de tales prórrogas a la corte, entendiéndose por ello al juez regular de la misma y no al juez especial, cuya jurisdicción queda limitada a la aprobación de la exposición del caso y nada más.

En el caso de *Cruz* v. *Jiménez,* 30 D.P.R. 856, se declaró que las leyes Nos. 27 de 1917 y 81 de 1919 son una adición al artículo 299 y no una enmienda, y en el de *Rodríguez* v. *Porto Rico Railway, Light & Power Co.,* 30 D.P.R. 931, se sostuvo la constitucionalidad de dichas dos leyes por el mismo fundamento, y si esto es así, los artículos 215 y siguientes del Código de Enjuiciamiento Civil han continuado en vigor.

El artículo 215 habla que un pliego conteniendo la excepción opuesta a cualquier decisión, podría presentarse a la corte o al juez para su aprobación.

El artículo 216 señala el término de 10 días a contar de la notificación de la sentencia para preparar un pliego de excepciones o dentro de la prórroga que le hubiera concedido la corte o el juez de la misma . . . . y prescribe que

el pliego de excepciones se entregue al secretario para que éste a su vez lo presente al juez que hubiere conocido del caso. . . . .

Estas disposiciones no sólo se refieren al término "corte" sino al de "juez" para distinguirlo y habiéndose tomado sustancialmente del código de California concurrimos con las apelantes que con ellas se adoptó la jurisprudencia interpretativa de las mismas en aquel estado.

En el caso de *Matthews* v. *Superior Court,* 68 Cal. Rep. 638, la Corte Suprema de California se expresa así:

"Sería extraño que la ley no diera facultad al juez que conoció del caso para dictar tales órdenes. Sería duro para los litigantes que cuando dichas órdenes que generalmente se dictan cuando se solicitan y son necesarias, el juez que celebró el juicio carecería de facultad por la ley para dictarlas a menos que fuera en el condado donde la causa fué juzgada. Si tal es la ley, el juez debe salir de su propio condado y visitar el condado del juicio para dictar la más simple resolución que se solicite en la causa. Además, dicha orden no tiene relación alguna con los méritos, sino que se refiere *a una mera cuestión de procedimiento* para poner un aspecto del caso en condición de ser oído.

"El juez que celebró el juicio es el llamado a aprobar la exposición. (Cód. de Enj. Civ., sec. 659, párrafo 3.) Él puede por tanto, adoptar las medidas necesarias para que dicha exposición sea debidamente aprobada. Con este fin puede prorrogar el término para su debida preparación para la aprobación. Esta facultad de prorrogar no es necesario que se ejercite por el juez en la corte. (Cód. de Enj. Civ., secs. 166, 176.) Tales prórrogas pueden concederse por un juez en cámara. (Cód. de Enj. Civ., sec. 166.) Las órdenes dictadas fuera de la corte pueden serlo por el juez de la corte en cualquier parte del estado. (Cód. de Enj. Civ., sec. 1104.) Las mociones a que alude la sección 1004, que acaba de citarse, y que por virtud de la misma se exige que se presenten en el condado o ciudad y condado en el cual la acción esté pendiente, en nuestra opinión, son aquellas mociones que pueden hacerse y oirse en corte, y no las mociones *ex parte* que pueden presentarse y resolverse en cámara.

"El juez Sullivan, en cuanto a la facultad de prorrogar el término para preparar y presentar una exposición, estaba, a nuestro juicio, investido de las mismas facultades que el juez de la corte

donde la causa estaba pendiente hubiera tenido de no haber estado inhabilitado. Él era, en lo que respecta a la causa que juzgó, el juez de la corte superior del condado de Marin, y pudo haber concedido las órdenes de prórroga en cualquier parte del estado.

"Dentro de las circunstancias, el ilustrado juez no tenía facultad o jurisdicción para desestimar la moción solicitando un nuevo juicio. Él estaba investido de jurisdicción para aprobar la exposición y oir la moción, y carecía de jurisdicción para rehusar hacerlo así.

"La orden desestimando la moción de nuevo juicio debe dejarse sin efecto y anularse, y así se ordena."

La apelada arguye que la autoridad del caso citado sólo resuelve una cuestión territorial y que ella no discute que el juez Castejón dictara las órdenes de prórroga en Humacao, sino que éste carecía en absoluto de jurisdicción para dictarlas. Sin embargo, en el caso que mencionamos, en contrario a la proposición de la apelada, se da por sentada la facultad absoluta del juez que conoció del caso para conceder las prórrogas, y lo que se pone en tela de juicio es una cuestión de pura contingencia relativa a si la autoridad del juez alcanzaba a dictar las órdenes de prórroga fuera del lugar en donde celebró el juicio, lo que se declaró en sentido afirmativo.

[1] No es objeción tampoco que los artículos 215 y siguientes del Código de Enjuiciamiento Civil se refieren en sus efectos a mociones sobre nuevos juicios. Por ellos lo que se establece es preservar las excepciones tomadas para utilizarlas no sólo en las mociones de nuevo juicio sino en apelación.

Podrá tal vez explicar mejor que la palabra "corte" incluye siempre que fuere necesario, al juez que celebró el juicio, cuando se ha determinado su verdadero sentido, diciéndose: "La cuestión común y esencial en todas las cortes es que haya un juez o jueces, y esto es tan esencial que se le designa con el nombre de corte para diferenciarlos de los funcionarios secundarios o subordinados." *Ex parte Plata,* 22 D.P.R. 188.

Y si la cuestión ya establecida por la ley (art. 219 del Cód. de Enj. Civ.) y la jurisprudencia es que corresponde al juez que conoció del caso aprobar el pliego de excepciones o la exposición del caso y el artículo 299 dispone que la última se presentará a la corte, lo que tiene que ser para su aprobación, el término ''corte'' incluye sin duda al juez que presidió el caso, trátese o nó del juez regular, pues de otro modo el efecto del artículo 299 sería la derogación implícita del 219, declarándose lo contrario por esta Corte Suprema en los casos de *Cruz* y *Rodríguez, supra.*

El artículo 353 del Código de Enjuiciamiento Civil, por otra parte, dice:

''Art. 353.—Cuando haya de verificarse algún acto de conformidad con lo dispuesto en este Código, referente a alegaciones en el pleito, o a fianzas que hayan de presentarse o a la responsabilidad de fiadores, o a la preparación de exposiciones o pliegos de excepciones, o a enmiendas a éstos, o a notificaciones que no sean relativas a apelación, el tiempo concedido para ello por este Código podrá ampliarse por la corte que conociere del pleito o por el juez de la misma si se alegare y demostrare una justa causa.''

Este artículo, que menciona los términos de ''corte'' y ''juez,'' sostiene mejor la posición de las apelantes. Está tomado del 1054 del Código de Enjuiciamiento Civil de California. Es cierto que su adopción no fué literal y existe alguna diferencia con el original, pero ella consiste por la manera en que están constituídas las cortes superiores de California, las que constan de varios jueces. En Puerto Rico al empezar a regir el Código de Enjuiciamiento Civil, julio 1, 1904, las cortes de distrito estaban formadas por un solo juez. De ahí la diferencia, pero no en cuanto al alcance que resulta del mismo en una y otra disposición.

*Por todo lo expuesto, debe declararse sin lugar la moción sobre desestimación.*