JUAN AMARAL SUÁREZ, Plaintiff and Appellee, *v.* JUANA GERENA BURGOS, Defendant and Appellant.

No. 6567. Argued January 8, 1934.—Decided February 21, 1934.

*Daniel Pellón* for appellant.   *R. García Cintrón* for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

The appellee requests the dismissal of the appeal taken in this case for want of prosecution. The appellant objects. The record shows that a suit for divorce brought in the District Court of Humacao by Juan Amaral against his wife, Juana Gerena, was tried on the merits before the Special Judge, Mr. Cordovés Arana, and decided on September 2, 1933, by a judgment in favor of the plaintiff. On the 3rd of the following October the defendant appealed and, within the term fixed by law, elected to prepare the record on appeal by means of a transcript prepared by the stenographer. The court, through its regular judge, Mr. Arjona Siaca, granted this and as the term granted was about to expire and the

transcript had not yet been filed, the appellant requested an extension to December 5, 1933, which was also granted by the regular judge of the court.

December 5th passed without the transcript having been filed and on the 11th of the same month the appellee filed his motion to dismiss in this Supreme Court, stating that since the appellant's attorney, Mr. Toro Cabañas, had died on the same day, he had personally notified the appellant of his motion.

On December 19, 1933, the appellant appeared by her new attorney, Mr. Pellón, and requested this court to grant a new term for the filing of the transcript on the grounds that Attorney Toro Cabañas had allowed the extension to December 5th to expire, without doubt because of the illness which culminated in his death six days later; that the stenographer who should have prepared the transcript was ill at the time and is still convalescing, and that "the appellant's case is meritorious and has a good defense which justifies the appeal taken by the appellant for the purpose of obtaining justice and not of delay or unnecessarily occupying the attention of this Hon. Court."

The first question raised by the appellee is that the extensions granted by the regular judge are not valid because the only person who had authority to grant them was the judge who heard and decided the case.

There is no doubt that the transcript of the evidence should be submitted for examination and approval, in a proper case, to the judge who tried the same, said judge having, as is natural, the power to extend the term within which the transcript should be filed (*García Fernández* v. *Aguayo et al.*, 35 P.R.R. 875), but that does not exclude the power of the regular judge to intervene in the mere procedure of the appeal and to extend said term.

Bancroft's Code Practice and Remedies, vol. 8, p. 9025, par. 6823, in summing up the cases on this point, says:

"Statutes and rules in some of the states variously provide that the time may be extended by the judge who tried the cause, or any other judge designated by him or by the chief justice of the supreme court, by order, by the court or the judge authorized to allow the bill, by the judge who tried the cause, by the judge of the superior court in and for the county in which the action is pending, or by the judge who presided at the trial of the action, by the court in which the action is pending, or a judge thereof, or by the court or judge wherein or before whom the cause is pending or was tried.

"Under a statute merely authorizing the judge who tried the cause to grant an extension, the time may be extended only by the judge to whose ruling the exception was taken, even though his term of office has expired; although it has been held that if the judge who tried the case is absent from his district an extension may be granted by another judge of the same district. *But under a statute authorizing an extension by an order of the court or judge wherein or before whom the cause is pending or was tried, the time may be extended by a judge of the court other than the one who tried the case; and so it may be extended by the regularly elected judge of the court of the county where the case was tried, though it was tried by a visiting judge from another county.*

"A judge, who though not shown to be disqualified, voluntarily retires from the trial of a case because of an intimation that he is *persona non grata* to one of the parties is not disqualified to grant an extension."

The part of the text that we have underscored is supported by the cases of *Wallace* v. *Oceanic Packing Co.,* 25 Wash. 143, 64 Pac. 938, and *State* v. *Benson,* 21 Wash. 365, 58 Pac. 217.

The law in force in Puerto Rico on this point is the act approved on November 27, 1917, Code of Civil Procedure (1933 ed.) p. 286. Section 3, as amended by Act No. 81 of 1919, provides—

"that the terms established herein may be continued by the court as in all other cases;...."

It does not contain any specific provision to the effect that the judge who decided the case is the only one who has power to grant the extension. Its general provision that it is the court which shall act allows the interpretation that we have

adopted. This is a question of mere procedure which does not require a knowledge of the merits of the case, but simply of the merits of the petition itself and which, in the interest of a more expeditious administration of justice, may be decided by a judge who is at the time regularly presiding over the court, just as well as by the judge who heard the case. The action of a judge with respect to the final approval of the transcript is something different. That, indeed, requires the intervention of the judge before whom the case was tried, for he is in the best position to certify as to the evidence, inasmuch as it was presented before him.

But the appellee insists that even if the validity of the extensions were recognized, the last one had expired before the filing of the transcript.

It is true that the last extension expired on December 5th, without the transcript being filed, and that neither the appellant nor the stenographer had requested a new extension for filing it; but it is also true that the stenographer was ill and that the counsel for the defendant-appellant died a few days later, and it is alleged that he was also ill on the date of expiration, and if we add to this the fact that this is a suit for divorce in which the judgment declaring the marriage relation dissolved was appealed from, and that the appellant procured, in the shortest time possible, the services of a new counsel by whom she requested, on the 19th of that same month of December, the granting of a new extension in the form that we have indicated, we believe that there is ground for the exercise of our discretion against the dismissal of the appeal and in favor of hearing the same on its merits.

The circumstance that the new counsel simply stated in the motion for a new term that the case of the appellant is meritorious, and did not make a more concrete reference to the merits, has caused us to entertain some doubt, but we finally decided to put such doubt aside because of the fact that the new attorney had just taken charge of the case.

For the reasons stated, the motion to dismiss the appeal is denied, and the appellant is allowed until the 10th of next March to file her transcript; and it is provided that this appeal must be prosecuted with all possible rapidity.