JUAN AMARAL SUÁREZ, demandante y apelado, *v.* JUANA GERENA BURGOS, demandada y apelante.

No. 6567.—*Sometido:* Enero 8, 1934. *Resuelto:* Febrero 21, 1934.

*Daniel Pellón,* abogado del apelante; *R. García Cintrón,* abogado del apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

La parte apelada solicita la desestimación del recurso interpuesto en este caso, por abandono. Se opuso la apelante. Los autos demuestran que seguido un pleito sobre divorcio en la Corte de Distrito de Humacao por Juan Amaral contra su esposa Juana Gerena fué visto en sus méritos ante el Juez Sustituto Sr. Cordovés Arana y resuelto por sentencia de septiembre 2, 1933, declarando la demanda con lugar. El 3 de octubre siguiente apeló la demandada y dentro del término de ley optó porque el recurso se tramitara por medio de transcripción preparada por el taquígrafo. La corte, por su juez propietario Sr. Arjona Siaca, accedió, y como estuviera próximo a vencer el término concedido sin que la transcripción pudiera aun archivarse, la apelante solicitó una prórroga que le fué otorgada a vencer el 5 de diciembre de 1933 también por el juez propietario del tribunal.

Pasó el cinco de diciembre sin que la transcripción se radicara y el once del propio mes presentó la parte apelada su moción de desestimación ante esta Corte Suprema, manifestando que habiendo fallecido en dicho día el abogado de la parte apelante Sr. Toro Cabañas, había notificado su moción personalmente a la parte apelante.

Así las cosas, el 19 de diciembre de 1933 compareció la apelante por su nuevo abogado Sr. Pellón y pidió a esta corte que le concediera un nuevo término para archivar la trans-

cripción, basándose en que el abogado Sr. Toro Cabañas dejó fenecer el que venció el 5 de diciembre debido sin duda a su enfermedad que culminó en su muerte seis días después, en que el taquígrafo que debía preparar la transcripción se hallaba por entonces enfermo y aun se encuentra convalesciente y en que ''el caso de la apelante es un caso meritorio y tiene una buena defensa que justifica la apelación entablada, la cual la hace la apelante con el fin de que se le haga justicia y no con el de dilatar ni ocupar la atención de este Hon. Tribunal innecesariamente.''

La primera cuestión que suscita la apelada es que las prórrogas concedidas por el juez propietario no tienen valor alguno porque el único que tenía autoridad para concederlas era el juez sustituto que vió y decidió el pleito.

No hay duda de que es al juez que decidió el litigio al que debe someterse la transcripción de evidencia para su debido examen y aprobación cuando proceda, teniendo como es natural dicho juez la facultad de prorrogar el término dentro del cual debe verificarse la presentación (*García Fernández* v. *Aguayo,* 35 D.P.R. 953), pero ello no excluye el poder del juez propietario para intervenir en la mera tramitación del recurso y prorrogar dicho término.

Resumiendo la jurisprudencia sobre el particular dice Bancroft's Code Practice and Remedies, vol. 8, p. 9025, parr. 6823:

''Los estatutos y reglamentos de algunos estados disponen que el término puede ser prorrogado por el juez que conoció del caso o por cualquier otro juez designado por él o por el Presidente de la Corte Suprema, mediante orden dictada por la corte o por el juez autorizado para conceder la prórroga, por el juez que conoció de la causa, por el juez de la corte superior del y para el condado en que la acción está pendiente, o por el juez que presidió durante la vista del caso, por la corte en que la causa se halla pendiente, o por un juez de la misma, o por la corte o juez ante la cual o ante quien la causa esté pendiente o fué vista.

''Según un estatuto que meramente autorice al juez que conoció de la causa para conceder una prórroga, el término puede ser am-

pliado solamente por el juez cuya resolución fué excepcionada, no obstante haber expirado su mandato; aunque se ha resuelto que si el juez que conoció de la causa está ausente del distrito una prórroga puede ser concedida por otro juez del mismo distrito. *Pero de acuerdo con un estatuto que autorice la concesión de una prórroga mediante orden de la corte o juez ante la cual o ante quien se halle pendiente o fué vista la causa, el término puede ser prorrogado por un juez de la corte distinto a aquél que conoció del caso; e igualmente puede ser prorrogado por el juez de la corte electo en forma ordinaria para el condado en que se vió la causa, aunque ésta fuese celebrada por un juez de otro condado.*

"Un juez que aunque no se demuestre que está incapacitado, voluntariamente se retira de la vista de una causa por haberse hecho la indicación de que es persona non grata a una de las partes, no está incapacitado para conceder una prórroga."

La parte del texto que hemos subrayado está sostenida por los casos de *Wallace* v. *Oceanic Packing Co.*, 25 Wash. 143, 64 Pac. 938, y *State* v. *Benson*, 21 Wash. 365, 58 Pac. 217.)

La ley vigente en Puerto Rico sobre el particular es la aprobada en noviembre 27, 1917, Código de Enjuiciamiento Civil pág. 286, ed. 1933. Por su sección 3, tal como quedó enmendada por la Ley No. 81 de 1919, prescribe que "los términos señalados en esta Ley podrán prorrogarse por la corte como en los demás casos . . ." No contiene disposición específica alguna ordenando que sea el juez que decidió el caso el único con facultad para conceder la prórroga. Su disposición general de que sea la corte la que actúe admite la interpretación que hemos adoptado. Se trata de algo de mero trámite que no exige el conocimiento de los méritos del pleito, sino simplemente de los méritos de la petición en sí misma y que para bien de la más rápida administración de la justicia puede resolverse al igual que por el juez que intervino en el litigio por el que se encuentre el tal momento regularmente al frente de la corte. La intervención judicial en la aprobación final de la transcripción es cosa distinta. Esa sí que requiere que sea el mismo juez que conoció del litigio el que intervenga, porque habiendo sido ante él ante

quien pasó la prueba es él el que está en mejores condiciones para certificarla.

▌ Pero se insiste por la parte apelada en que aun cuando se reconociera validez a las prórrogas concedidas, siempre resultaría que se dejó vencer la última sin archivar la transcripción.

Es cierto que la última prórroga venció el 5 de diciembre sin que la transcripción se archivara y sin que la parte apelante ni el taquígrafo solicitaran una nueva prórroga para hacerlo, pero es lo cierto también que el taquígrafo se encontraba enfermo y que el abogado de la demanda y apelante murió unos días después, alegándose que también se encontraba enfermo a la fecha del vencimiento, y si a ello se agrega que se trata de un pleito de divorcio en el que se apela de una sentencia que declaró roto y disuelto el vínculo matrimonial y que la parte apelante requirió en el término más breve que le fué posible los servicios de un nuevo abogado por medio del cual solicitó el 19 del propio mes de diciembre la concesión del nuevo término en la forma que dejamos indicada, creemos que hay base para el ejercicio de nuestra discreción en pro de que la apelación no sea desestimada sino resuelta por sus méritos.

Nos ha hecho dudar la circunstancia de haberse expresado únicamente en la moción de nuevo término por parte del nuevo abogado que el caso de la apelante es meritorio sin hacer referencia más concreta a los méritos, pero decidimos finalmente desechar dicha duda habiendo en consideración el hecho de que el nuevo abogado acababa de hacerse cargo del asunto.

*Por los motivos expuestos se declara sin lugar la moción de desestimación y se concede a la apelante hasta el diez de marzo próximo para archivar su transcripción debiendo imprimir la mayor celeridad posible a la tramitación del recurso.*