Curbello, Demandante y Apelado, *v.* Rodríguez, Demandada y Apelante.

Apelación procedente de la Corte de Distrito de Humacao en pleito sobre desahucio (moción para desestimar la apelación).

No. 3180.—Resuelto en noviembre 15, 1923.

Desahucio—Exposición del Caso—Término para Presentar la Exposición del Caso en Pleitos de Desahucio.—La sección 13 de la Ley de Desahucio no puede ser interpretada en el sentido de que sólo concede cinco días precisos e improrrogables para presentar la exposición del caso por el hecho de que disponga que los secretarios de las cortes y el taquígrafo en su caso practicarán las diligencias que les incumbieren dentro del preciso término de cinco días contados desde la apelación. Por lo que, una vez apelada una sentencia de desahucio dentro de cinco días contados desde la fecha de la sentencia y de consignado el precio adeudado o prestada fianza en los otros casos, dentro de dichos cinco días, el término del apelante para preparar la exposición del caso es de diez días prorrogables.

Id.—Desestimación de Apelación—Moción Prematura para Desestimar.—Estando pendiente de vista y resolución en la corte inferior una moción del apelante para que sea reconsiderada una decisión que anuló una prórroga concedida para presentar la exposición del caso en un pleito de desahucio, por haber sido pedida fuera de tiempo, el Tribunal Supremo no puede basarse en tal decisión para desestimar el recurso.

Id.—Prórrogas para Presentar la Exposición del Caso.—Los jueces de distrito deben ser parcos en la concesión de prórrogas para presentar la exposición del caso en casos de desahucio.

Los hechos están expresados en la opinión.

Abogado de la apelante: *Sr. L. Mendín.*

Abogado del apelado: *Sr. L. Pereyó.*

El Juez Asociado Sr. Aldrey, emitió la opinión del tribunal.

Esta apelación fué interpuesta el 12 de mayo último contra sentencia dictada en juicio de desahucio, sin solicitar la apelante que el taquígrafo presentara la transcripción de la evidencia. Cinco días después la apelante pidió al tribunal sentenciador que le prorrogara el término para presentar la exposición del caso para su apelación y le fueron concedidos treinta días. Sucesivas prórrogas le fueron dadas, siendo una de ellas la de 11 de julio en que se le concedieron quince días con igual fin. El 4 de agosto solicitó otra

prórroga que le fué otorgada el día 6 de agosto por veinte días, mas el 20 de agosto la parte apelada pidió al juez que dejase sin efecto la última prórroga concedida el 6 de agosto porque había sido solicitada estando vencida la anterior. El 28 de agosto el tribunal inferior dejó sin efecto la expresada prórroga fundándose en que fué solicitada después del 31 de julio en que venció la precedente y en que en los pleitos de desahucio, de acuerdo con la sección 13 de la ley, el taquígrafo sólo tiene un preciso término de 5 días contados desde la fecha de presentación del escrito de apelación, para preparar el récord y por tanto dentro de ese término debió presentarse la exposición del caso. El 31 de agosto la parte apelante pidió al tribunal que reconsiderara esa resolución y fué señalado el día 5 de noviembre para oír a las partes sobre esa moción. Continuó pidiendo prórrogas la parte apelante y no estando presentada la exposición del caso el día 30 de octubre, el día 3 de noviembre la parte apelada nos ha pedido que desestimemos la apelación fundándose en los dos motivos expresados en la resolución de la corte inferior a que nos hemos referido.

La ley de desahucio dispone en sus secciones 13 y 14 lo siguiente:

"Sección 13.—Interpuesta en forma la apelación, los secretarios de las cortes y los taquígrafos en su caso, practicarán las diligencias que les incumbieren dentro del preciso término de cinco días, contados desde la fecha de la presentación del escrito de apelación.

"Sección 14.—Las apelaciones se tramitarán de acuerdo con el Código de Enjuiciamiento Civil, no pudiendo exigirse en ningún caso más copias que las expresamente prevenidas en dicho código: entendiéndose que tales apelaciones deberán tramitarse con toda preferencia."

Según esa ley una vez establecida la apelación dentro de cinco días contados desde la fecha de la sentencia y de consignado el precio adeudado o prestada fianza en los otros casos, dentro de dichos cinco días, las apelaciones se tra-

mitarán de acuerdo con el Código de Enjuiciamiento Civil, por lo que las reglas de éste referentes a tramitación de apelaciones son aplicables a las apelaciones establecidas en juicios de desahucio y por esto el término del apelante para preparar su exposición del caso era de 10 días prorrogables, haciendo aplicación del artículo 299 de dicho código según quedó enmendado por la Ley No. 81 de junio 26 de 1919, pues la sección 13 de la ley de desahucio no puede ser interpretada, como pretende la parte apelada e hizo la corte inferior, en el sentido de que sólo concede 5 días precisos e improrrogables para presentar la exposición del caso por el hecho de que disponga que los secretarios de las cortes y el taquígrafo en su caso practicarán las diligencias que les incumbieren dentro del preciso término de 5 días contados desde la apelación. Tal precepto es solamente directivo para dichos funcionarios y no regula ni fija el término para presentar la exposición del caso ni la transcripción de la evidencia hecha por el taquígrafo cuando se opta por ella de acuerdo con la Ley No. 27 de 27 de noviembre, 1917, para tramitar la apelación. Por consiguiente ese motivo alegado para la desestimación de la apelación no es procedente.

Tampoco lo es el segundo, pues estando pendiente de vista y resolución en la corte inferior la moción del apelante para que sea reconsiderada la decisión que declaró nula y sin efecto la prórroga que le fué concedida el 6 de agosto, no podemos basarnos en tal resolución para sostener que procede la desestimación por haber vencido el 31 de julio las prórrogas concedidas para presentar la exposición del caso.

No queremos terminar esta opinión sin llamar la atención de los jueces inferiores de que deben ser parcos en la concesión de prórrogas para la tramitación de apelaciones en juicios de desahucio, so pena de que quede anulada la voluntad del legislador respecto a que estos juicios sean rápidos, y se dé el caso, como en el presente, de que a los

seis meses de apelada la sentencia, está en trámites todavía la exposición del caso para la apelación.

La moción de desestimación debe ser negada.

*Sin lugar.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Wolf, Hutchison y Franco Soto.