Jesús Ma. Rossy, demandante y apelado, *v.* Rafael del Valle Zeno, demandado y apelante.

No. 3849.—*Visto:* Enero 17, 1927. *Resultado:* Febrero 2, 1927.

Arrendador y Arrendatario—Acción para Volver a Entrar en, y Recobrar Posesión el Arrendador—Desahucio — Apelación — Record — Preparación y Presentación del Transcript de la Evidencia o Exposición del Caso—Término para Ello—Ley que Regula.—La sección 13 de la Ley de Desahucio (Comp. 1637) no rige para regular la presentación de la transcripción de la evidencia a los efectos de la apelación en acciones de desahucio. Es el precepto general contenido en la Ley No. 27 de 1917 (2), p. 275, el que regula la materia.

MOCIÓN para eliminar de los autos el *transcript* de la evidencia.　*No ha lugar a eliminar.*

*Manuel Rodríguez Serra,* abogado del apelante; *Acuña & Janer* y *Luis Llorens Torres,* abogados del apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

La apelación en este caso que había sido desestimada por resolución de 15 de febrero de 1926, quedó reinstalada por la de 12 de enero, 1927 dictada en virtud de cierto procedimiento de *mandamus* seguido en la Corte de Circuito de Apelaciones del Primer Circuito.

Así las cosas, la parte apelada archivó una moción solicitando que se eliminara de los autos la transcripción de la evidencia. Sobre los méritos de dicha moción se oyó a ambas partes el 17 de enero último.

La moción eliminatoria se funda en que habiéndose interpuesto la apelación el 4 de enero de 1926 y habiéndose dispuesto por la corte sentenciadora el 5 de enero que el taquígrafo preparara la transcripción de la evidencia, el término que el taquígrafo tenía para actuar de acuerdo con la sección 13 de la Ley de Desahucio, quedó vencido el 9 de dicho mes. Por tanto, sostiene la parte apelada, cuando el 18 de enero de 1926 la parte apelante pidió y obtuvo que se concediera al taquígrafo una prórroga de treinta días para radicar la transcripción, solicitó algo a que no tenía derecho y la corte concedió algo que no tenía facultad de conceder.

Los autos demuestran que el escrito de apelación se archivó el 4 de enero de 1926. Al día siguiente la parte apelante radicó una moción manifestando que deseaba utilizar la transcripción de la evidencia de acuerdo con las secciones 1 y 2 de la Ley No. 27 de 1917 a cuyo efecto pedía a la corte que ordenara al taquígrafo que procediera a extender la transcripción. Y la corte, el propio día, ordenó en efecto al taquígrafo que procediera "a extender la transcripción de la evidencia con arreglo a la sección primera de la Ley No. 27 de 27 de noviembre de 1917."

El 18 de enero de 1926 el apelante solicitó una prórroga de treinta días que fué concedida. El 23 de febrero otra de treinta días que también fué concedida. El 13 de marzo otra de treinta días que fué concedida de igual modo. El 13 de abril otra de treinta días que fué acordada. El 14 de mayo otra de treinta días que fué concedida y dentro de la cual se archivó la transcripción que finalmente aprobó el juez sentenciador el 31 de agosto de 1926.

Toda la cuestión a estudiar y a resolver gira sobre si el caso está o no regulado exclusivamente por la sección 13 de la Ley de Desahucio o si es o no aplicable la Ley No. 27 de 1917.

La sección 13 de la Ley de Desahucio copiada a la letra dice:

"Interpuesta en forma la apelación, los secretarios de las cortes y los taquígrafos en su caso, practicarán las diligencias que les incumbieren dentro del preciso término de cinco días, contados desde la fecha de la presentación del escrito de apelación."

La ley de que forma parte fué aprobada en 1905. En aquel entonces el medio existente para preparar las apelaciones al Supremo era el de las exposiciones del caso, copias certificadas por los abogados o el secretario del legajo de la sentencia, de la relación de pruebas, o del pliego de excepciones preparados de acuerdo con el Código de Enjuiciamiento Civil de 1904 y con los precedentes americanos.

El nuevo medio de las transcripciones taquigráficas como un documento completo para ser sometido a la aprobación del juez sentenciador y constituir una vez aprobado el récord de la apelación, no se puso en vigor hasta el 1917. En el caso de *Rodríguez* v. *P. R. Ry., Light and Power Company,* 30 D.P.R. 931, 933, esta corte dijo: "Nuestro examen de la Ley No. 27 nos convence de que era un medio nuevo e independiente de incorporar la evidencia. . . . ."

Ambas reglas, la de la ley de desahucio de 1905 y la de la ley No. 27 de 1917 se refieren, pues, a situaciones distin-

tas, obedecen a criterios diferentes, no requieren del taquí-grafo la misma actuación.

Por la sección 13 el Legislador, en armonía con el espí-ritu de rapidez que inspira la ley de desahucio toda, im-puso a los secretarios y taquígrafos en los casos en que se interpusiera en forma la apelación, el deber de practicar las diligencias que les incumbieren en el preciso término de cinco días contados desde la fecha de la presentación del escrito de apelación.

No se necesita gestión de parte ni orden alguna de la Corte. Es un deber impuesto directamente a los indicados funcionarios. El precepto está actualmente en todo su vi-gor y debe ser acatado y cumplido fielmente.

¿Cuál es ese deber en lo que se refiere al taquígrafo? Sin duda alguna convertir sus signos en palabras legibles de modo corriente y poner la transcripción a disposición del apelante para que éste prepare la exposición del caso. Su trabajo era la base para la exposición. El legislador tuvo en mente la existencia de la exposición como algo posterior necesario dentro del sistema procesal civil puesto en prác-tica por él mismo el año anterior. Así se desprende clara-mente de la sección 14 de la propia ley de desahucio que dice:

"Las apelaciones se tramitarán de acuerdo con el Código de En-juiciamiento Civil, no pudiendo exigirse en ningún caso más copias que las expresamente prevenidas en dicho código: entendiéndose que tales apelaciones deberán tramitarse con toda preferencia."

Y si andando el tiempo el legislador ideó y puso en vi-gor otro método de archivar los autos en la corte de apela-ción para regir concurrentemente con el antiguo, a elección del apelante, en todos los casos civiles, ¿a qué otra conclu-sión puede llegarse que no sea a la que llegaron de consuno la parte apelante y la corte sentenciadora en este caso a sa-ber: que era aplicable el nuevo método a los casos de desa-hucio, lo mismo que el antiguo?

Creemos que la situación quedó perfectamente aclarada desde la decisión de esta corte en el caso de *Curbello* v. *Rodríguez*, 32 D.P.R. 460, en la que después de transcribir las secciones 13 y 14 de la ley de desahucio, la corte se expresó así:

"Según esa ley una vez establecida la apelación dentro de cinco días contados desde la fecha de la sentencia y de consignado el precio adeudado o prestada fianza en los otros casos dentro de dichos cinco días, las apelaciones se tramitarán de acuerdo con el Código de Enjuiciamiento Civil, por lo que las reglas de éste referentes a tramitación de apelaciones son aplicables a las apelaciones establecidas en juicios de desahucio *y por esto el término del apelante para preparar su exposición del caso era de 10 días prorrogables, haciendo aplicación del artículo 299 de dicho código según quedó enmendado por la Ley No. 81 de junio 26 de 1919, pues la sección 13 de la ley de desahucio no puede ser interpretada,* como pretende la parte apelada e hizo la corte inferior, *en el sentido de que sólo concede 5 días* precisos e improrrogables *para presentar la exposición del caso* por el hecho de que disponga que los secretarios de las cortes y el taquígrafo en su caso practicarán las diligencias que les incumbieren dentro del preciso término de cinco días contados desde la apelación. Tal precepto es solamente directivo para dichos funcionarios *y no regula ni fija el término para presentar la exposición del caso ni la transcripción de la evidencia hecha por el taquígrafo cuando se opta por ella de acuerdo con la Ley No. 27 de 27 de noviembre 1917, para tramitar la apelación.* Por consiguiente ese motivo alegado para la desestimación de la apelación no es procedente."

Se sostiene por la parte apelada que si bien la decisión citada constituye jurisprudencia en cuanto a las exposiciones del caso, es un mero *obiter dictum* en cuanto a las transcripciones preparadas por el taquígrafo, ya que el caso versaba sobre las primeras y no sobre las segundas. Y en apoyo de su contención alega además que cuando esta corte resolvió la misma cuestión más tarde en el caso de *Honoré* v. *Vargas*, 33 D.P.R. 836 no hizo referencia a las transcripciones taquigráficas.

La jurisprudencia establecida en el caso de *Honoré, supra,* dice:

"Como la exposición del caso no tenía que ser presentada dentro de los cinco días siguientes a la apelación sino dentro de diez días, de acuerdo con el Código de Enjuiciamiento Civil, la corte inferior estaba facultada para conceder la prórroga que se le pidió a los seis días de interpuesta la apelación."

Es cierto que en los casos de Curbello y Honoré no se trataba de transcripciones taquigráficas sino de exposiciones del caso, pero el razonamiento es el mismo.

Si la sección 13 no regía para regular el término en que debían presentarse las exposiciones del caso y solicitarse las prórrogas, sino que regía el precepto general regulador de la presentación de las exposiciones del caso en todos los pleitos y asuntos civiles en apelación, claro es que tampoco rige la sección 13 para regular la presentación de las transcripciones taquigráficas que sustituyen las exposiciones del caso, sino el precepto general regulador de la presentación de dichas transcripciones contenido en la Ley No. 27 de 1917.

Y siendo como es esto así, la prórroga solicitada en 18 de enero lo fué en tiempo porque no habiéndose fijado plazo al taquígrafo en la orden de la corte de 5 de enero, el término era de veinte días, de acuerdo con lo expresamente prescrito en la sección 2 de la repetida Ley No. 27 de 1917.

El otro caso citado por la parte apelada No. 3806, *Aurora, Sociedad Agrícola,* v. *Barroso,* 34 D.P.R. 965 y 967 resuelto *per curiam* si bien apoya su criterio, no es decisivo porque el recurso no fué desestimado, constituyendo la circunstancia de haberse solicitado la prórroga dentro del término de cinco días que fija la sección 13 de la ley de desahucio y haberse entendido que por la orden de la corte concediendo la prórroga el dicho término de cinco quedó prorrogado a veinte, fué una circunstancia favorable más que llevó a la corte a la conclusión indicada.

Resumiendo, pues, diremos que el criterio de esta corte quedó expresado en las citadas decisiones de Curbello y Honoré y que ese criterio es también aplicable a las trans-

cripciones taquigráficas preparadas de acuerdo con la Ley No. 27 de 1917, por tratarse de situaciones jurídicas enteramente iguales.

Con respecto a la elección de la parte interesada en este caso, no hay duda alguna. Consta de modo expreso de los autos.

A virtud de todo lo expuesto, *debe declararse no haber lugar a eliminar de los autos la transcripción taquigráfica.*